UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TREON D. VAUGHN,

        Plaintiff,

    v.                                    Case No. 25-C-1255

FAMILY COURT OF KENOSHA COUNTY, et al.,

        Defendants.

---

## SCREENING ORDER

---

      Plaintiff Treon Vaughn filed a complaint in this action against Defendants Family Court of Kenosha County, Judge C. Kerkman, Kenosha County Commissioner(s), and "Kenosha City County Law Enforcement Agent(s)" alleging violations of his civil rights. Dkt. No. 1. The complaint alleges that Plaintiff is the adjudicated father of the minor child in question and that Kenosha County Family Court Judge C. Kerkman and the Kenosha County Family Court Commissioners have repeatedly denied his requests for supervised visitation and terminated grandparent visitation with his parents, thereby "effectively alienating the child from her entire paternal family." *Id.* at 1–2. The complaint alleges that these actions were done in violation of his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution and in violation of Wisconsin family law statutes and procedural rules in a biased and retaliatory manner. *Id*. Unnamed members of Kenosha County or City law enforcement are alleged to have been involved in enforcement of the biased court orders. Plaintiff has also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 4.

Because it appears he is indigent and therefore unable to pay the filing fee, Plaintiff's motion to proceed *in forma pauperis* will be granted, but the case will be dismissed for lack of jurisdiction.

District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Prompt screening of a complaint prior to service, especially when the plaintiff is a non-lawyer, serves the important function of protecting putative defendants from the expense of hiring an attorney to respond to patently frivolous claims brought either out of ignorance of the law or with intent to embarrass or harass. *Id.* Given the increase in lawsuits filed by nonlawyers who are not bound by Attorney's Rules of Professional Responsibility and the substantial cost of retaining an attorney for federal litigation, prompt screening of pro se complaints by the court would seem an essential tool for fulfilling the command that the Federal Rules of Civil Procedure "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

At the same time, when exercising its screening discretion, a court "must take care that initial impressions, and the lack of an adversarial presentation, not lead to precipitate action that backfires and increases the duration and cost of the case." *Hoskins*, 320 F.3d at 763. In screening a complaint, the court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted and whether the court has subject matter jurisdiction. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 8, 12(h)(3).

Plaintiff alleges that, since 2017, he has petitioned the Kenosha County Family Court for various rights associated with his minor child, A.S., and has been unjustly denied visitation,

"Father's rights" under Wis. Stat. § 767.41(4), and grandparent visitation rights. He alleges that the Kenosha County Family Court and Judge C. Kerkman failed to consider the best interests of the minor child, issued rulings "that reflect personal bias, partiality, and potential conflicts of interest with the child's maternal relatives who have ties to government employment[,]" and engaged in "ex parte communications and collusion," thereby violating his Due Process Rights under the Fourteenth Amendment to the United States Constitution. Dkt. No. 1 at 2–3. Plaintiff brought this 42 U.S.C. § 1983 action seeking declaratory, injunctive, and monetary relief, all revolving around the custody and visitation decisions made by the state court.

Plaintiff's claims against Judge Kerkman and the Family Court Commissioners must be dismissed based on the ground of judicial immunity. As Judge Adelman recently noted in a similar case, "[j]udges generally have absolute immunity for judicial actions taken within their court's jurisdiction." *Gonzalez-Nunez v. Mishelow*, No. 24-CV-0056, 2024 WL 329619, at *2 (E.D. Wis. Jan. 22, 2024) (citing *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985)). Indeed, "[j]udicial immunity is not just immunity from damages but immunity from suit all together." *Id.* (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). Judge Adelman also noted that Family Court Commissioners, who under Wisconsin law perform duties functionally comparable to those of a judicial officer, are also immune. *Id.* (citing *Griffin v. State of Wisconsin*, No. 07-1653, 2007 WL 2913892, at *3 (7th Cir. Oct. 5, 2007)) (noting that, like judges, court commissioners in Wisconsin have absolute immunity for claims arising out of their judicial functions). Thus, Plaintiff's claims against Judge Kerkman and the family court commissioners of Kenosha County are dismissed.

Additionally, Plaintiff's case must be dismissed for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction and are to abstain from hearing child custody cases because such cases are governed by state, not federal, law. *See In re Burrus*, 136 U.S. 586, 593–

3

94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."). "This 'domestic relations' exception to subject matter jurisdiction applies to such cases even when constitutional claims are involved." *Adam v. Frantz*, No. 2-C-53, 2002 WL 32341816, at *4 (W.D. Wis. May 10, 2002) (citing *Allen v. Allen*, 48 F.3d 259, 261–62 (7th Cir. 1995)). Here, Plaintiff's requested relief hinges on assessing past custody and visitation orders and adjusting visitation rights for both the plaintiff and the minor child's grandparents, and this court lacks jurisdiction to grant such relief. *See id.* (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)).

Finally, the *Rooker-Feldman* doctrine forecloses Plaintiff's requested relief. The *Rooker-Feldman* doctrine deprives federal courts of jurisdiction in cases where the plaintiff's "federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Id.* at *5 (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987)) (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). Plaintiff's claims that he and his family were deprived of due process and suffered unjust discrimination in the Kenosha County Family Court action are claims that could have been asserted in the state court proceedings. If these claims were improperly rejected, his remedy was to appeal through the Wisconsin Court of Appeals. If still denied, he could have sought review of his federal claims in the Wisconsin Supreme Court or on *certiorari* in the United States Supreme Court. This court is without jurisdiction to review a state trial court's decision in a family court action.

Because the court has no jurisdiction over the claims alleged, the complaint will be dismissed. While a district court must generally allow a plaintiff the opportunity to file an amended complaint when it dismisses a complaint at screening, it is unnecessary in cases such as this one where the amendment would be futile. *See Standard v. Nygren*, 658 F.3d 792, 797 (7th

Cir. 2011) ("[D]istrict courts have broad discretion to deny leave to amend . . . where the amendment would be futile."). Accordingly, this action is **DISMISSED**. Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 4) is **GRANTED**. The Clerk is directed to enter judgment accordingly.

    **SO ORDERED** at Green Bay, Wisconsin this 5th day of September, 2025.

                                                                        _s/ William C. Griesbach_
                                                                         William C. Griesbach
                                                                         United States District Judge